IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0265-09






VICKIE LASHUN TOLBERT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 

 Keasler, J., filed a concurring opinion.


O P I N I O N 



 I join the Court's opinion but write separately because I also believe that Tolbert is
estopped from challenging the trial judge's failure to sua sponte instruct the jury on the
lesser-included offense of murder. 

 As observed by the majority, in Bluitt v. State, we held that "[a]n affirmative denial
of objection . . . shall be deemed equivalent to a failure to object." (1) Bluitt's attorney stated
that he had no objection to the jury charge. (2) On appeal, the State claimed that Bluitt waived
his complaint that the trial judge erred by refusing to sua sponte instruct jurors that they could
consider extraneous offense evidence only if they believed that Bluitt committed the
extraneous offenses beyond a reasonable doubt. (3) We rejected the State's argument,
reasoning that an affirmative refusal to object is governed by Almanza's (4) failure to object
standard; thus, charge error may nevertheless be raised on appeal but a reversal is not
warranted unless there is egregious harm. (5) Bluitt's strict dichotomy, however, did not
address the notion of estoppel, perhaps because of the State's failure to posit such an
argument. 

 In Prystash v. State, we held that Prystash was estopped from complaining on appeal
about the trial judge's failure to include an anti-parties special issue in the jury charge
because his attorney had affirmatively asked the trial judge to leave it out. (6) Prystash
recognized that there is a crucial distinction between the concepts of waiver, which is more
accurately characterized as forfeiture, and estoppel (invited error). (7) A party forfeits a
complaint when the party fails to invoke an optional evidentiary or procedural rule. (8)
Estoppel, on the other hand, prevents a party from complaining about an action that the party
induced; "it is part of the definition of what can constitute error." (9) 

 Recently, we relied on Prystash in Druery v. State when addressing an analogous
situation to the one before us today. During the charge conference at Druery's capital murder
trial, Druery's attorney told the trial judge that he did not want a lesser-included offense
instruction on first degree murder. (10) On direct appeal to this Court, we held that Druery was
estopped from complaining that the trial judge should have included the instruction sua
sponte. (11) 

 In my view, this case has nothing to do with error preservation or forfeiture; this case
should be disposed of on estoppel grounds. The State requested a parties instruction and an
instruction on a nondescript lesser-included offense. The trial judge overruled the request
and asked Tolbert's attorney if he had any objections to the proposed charge. By stating that
he had no objection on the heels of the State's request, Tolbert's attorney approved of the
charge sans a lesser-included offense instruction on murder. As a result, we should not be
entertaining Tolbert's claim that the trial judge erred in failing to sua sponte include a charge
on murder. 

 However, because we did not grant review of the court of appeals's rejection of the
State's estoppel argument, I join the Court's determination that the court of appeals erred in 
failing to consider whether there was error before proceeding to assess harm under Almanza. 
As the Court holds, the trial judge had no duty to sua sponte instruct the jury on the lesser-included offense of murder because Tolbert made no such request. (12) 


DATE DELIVERED: March 17, 2010

PUBLISH



 
1. 137 S.W3d 51, 53 (Tex. Crim. App. 2004).
2. Id. at 52.
3. Id. at 53. 
4. Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985). 
5. Bluitt, 137 S.W.3d at 53.
6. 3 S.W.3d 522, 529-30 (Tex. Crim. App. 1999).
7. Id. at 531.
8. Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).
9. Prystash, 3 S.W.3d at 529-30.
10. 225 S.W.3d 491, 505 (Tex. Crim. App. 2007).
11. Id. at 506. 
12. Majority op., at 7.